HATHAWAY *versus* PERSONS UNKNOWN.

The court, in acting upon a report of commissioners appointed to make partition of land, cannot properly perform its duty, without ascertaining whether persons, known to be concerned and within the State, have had sufficient notice of the time and place of making partition, to enable them to be present at the partition, for the protection of their rights.

The commissioners' return, that they have given sufficient notice, is not conclusive upon the court.

They should state *what* they have done, and whether any, and what persons, (if any,) were known to them to be concerned, and resident within the State, and what notice was given to each of them.

PETITION for partition of real estate, representing that the

petitioners were seized of undivided portions of the land "with persons to the petitioners unknown."

Cyrus S. Clark was a part owner of the land and a resident of this State, at the time of filing the petition and during the whole pendency of the proceedings. At the return of the award, he appeared and objected to its acceptance, because the award does not show that any notice was given to him, or what sort of notice was given to any of the part owners. The report, however, was accepted, and Clark filed exceptions.

*Kelley*, for the excepting party.

*Peters, contra.*

SHEPLEY, C. J. — The return of the commissioners appointed to make partition, as amended, states, " we also gave sufficient notice of the time and place and purpose of our meeting for making said partition to all concerned, who were known and within the State, that they might be present at the meeting."

The statute, c. 121, § 23, provides, that the commissioners shall give sufficient notice of the time and place for making partition, to all concerned, who are known and within the State, that they may be present at the making thereof.

The rights of part owners not residing within the State and not notified are preserved to them by the twenty-seventh section, while the partition is made conclusive upon the rights of those residing within the State, except under certain circumstances. It is therefore of importance, that the part owners last named should be notified. The proceedings of the commissioners are to be returned to the court appointing them, to be confirmed, recommitted, or rejected.

The court could not properly perform this duty, without ascertaining whether persons known to be within the State and to be concerned, had been notified in such manner as to enable them to be present for the protection of their rights. It could not have been the intention of the Legislature to make the return of the commissioners, that they had given sufficient no-

tice, conclusive upon the court, without affording it any knowledge of the facts, upon which such a return had been made. The whole proceedings of the commissioners, and not matters of form only, are to be subjected to the revision of the court, for confirmation. The commissioners should therefore state, what they have done, and whether any, and what persons, if any, were known to them to be concerned, and to be resident within the State, and what notice was given to each one of them.

The former statute of 1821, chap. 37, sect. 7, which provided, that "due notice" should be given, received such a construction in the case of *Ware* v. *Hunnewell,* 20 Maine, 291. The substitution of the word " sufficient" for the word " due," is rather indicative than otherwise, of an intention to have the sufficiency of the notice presented for the consideration of the court, when called upon to confirm their proceedings. *The report is recommitted.*